UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER ANDERSON,

        Plaintiff,    Case No. 21-cv-11212

v.    Hon.

JACKSON COUNTY MEDICAL
CARE FACILITY,

        Defendant.

---

Noah Hurwitz (P74063)
NACHTLAW, P.C.
*Attorneys for Plaintiff*
101 North Main St., Suite 555
Ann Arbor, MI  48104
(734) 663-7550
nhurwitz@nachtlaw.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME Plaintiff, Jennifer Anderson, by and through her attorneys, NACHT LAW P.C., and state the following:

## INTRODUCTION

This is an employee rights lawsuit against Defendant Jackson County Medical Care Facility ("Defendant") that is precipitated by the sudden and unlawful termination of a human resources professional who was terminated on the spot after she opposed the Defendant's Family Medical Leave Act ("FMLA") practices by

1

refusing to disclose the names of employees who registered complaints regarding their FMLA leave.

## JURISDICTION AND PARTIES

1. Plaintiff Jennifer Anderson is an individual residing in the City of Jackson, County of Jackson, State of Michigan.

2. Defendant Jackson County Medical Care Facility is a skilled nursing facility with its principal place of business in Jackson, Michigan in the County of Jackson.

3. This action arises under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*.

4. This Court has jurisdiction pursuant to 28 U.S.C.A. § 1331 (federal question jurisdiction) and 28 U.S.C.A. § 1343(a)(4) (jurisdiction over civil rights claims).

5. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the Defendant's principal place of business is located and where the events giving rise to Plaintiff's claims took place.

6. The facts and unlawful employment practices within the meaning of the FMLA giving rise to this Complaint occurred within the Eastern District of Michigan.

7. Defendant is an employer and Plaintiff was its employee at all relevant times within the meaning of the FMLA.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

9. Defendant was aware of concerns shared by several employees with Plaintiff that they were being "harassed" by the Company regarding circumstances involving protected leave under the FMLA.

10. Plaintiff shared specific concerns with the Defendant while protecting the anonymity of the complainant employees.

11. Plaintiff told Defendant that she would investigate the complaints and provide FMLA training to Defendant.

12. Defendant was not interested in FMLA compliance. Defendant only wanted to uncover the complainants' names and punish them.

13. On February 7, 2020, Defendant emailed Plaintiff, "I need to know who feels they are being harassed about their FMLA. I will talk to the people involved on the concerns of rude and disrespectful but I have to know the name of the claiming harassment today."

14. Plaintiff appropriately replied that she would, "encourage the CP to come forward to you, but in the meantime we could have a training during a meeting

3

for everyone to discuss the hostility about FMLA expressed by Carepartners on Facebook. This carepartner is afraid of retaliation so this is the best I can offer until I talk with the CP."

15. Defendant then demanded, "I need to have the name today! If I don't receive the name today it will be considered insubordination. This is not an option."

16. On Monday, February 10, 2020, Defendant met with Ms. Anderson to again demand to know "who did it," *i.e.*, which employees complained about the Defendant's FMLA practices.

17. Plaintiff opposed Defendant's FMLA practice requiring knowledge of the specific names of the complainants due to the complainants fearing retaliation and asserted that she supported the respective complainants' wishes to remain anonymous.

18. Defendant then declared that, since Plaintiff refused to provide the specific names of employees complaining about FMLA practices, Plaintiff was immediately terminated.

## COUNT I – FMLA RETALIATION

19. Plaintiff incorporates by reference herein the foregoing paragraphs and allegations.

20. The FMLA prohibits two types of employer acts which interfere with rights – one related to the exercise or attempt to exercise rights, 29 U.S.C.S. § 2615(a)(1); and the other related to retaliation, 29 U.S.C.S. § 2615(a)(2).

21. The retaliation prong states that "[i]t shall be unlawful for an employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this title."

22. The Department of Labor interprets these two provisions as providing "[p]rotection for employees who request leave or otherwise assert FMLA rights" and specifically prohibits employers from "discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about an unlawful practice under the Act." 29 C.F.R. § 825.220(2).

23. Accordingly, the Defendant's termination of Plaintiff for opposing the Company's FMLA practices and refusing to disclose the names of the complainant employees who feared retaliation constitutes a *per se* violation of the Act's anti-retaliation provisions.

24. Defendant's actions in violation of the FMLA were willful.

25. As a direct and proximate result of Defendant's retaliation against Plaintiff, Plaintiff suffered feelings of depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects associated therewith, and will continue to suffer in the future.

26.     As a further direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

A.    For Plaintiff, judgment against Defendant in the amount of Plaintiff's unpaid back pay, front pay, injunctive relief, declaratory judgment, liquidated damages, punitive damages, and attorney fees under the FMLA;

B.    Award Plaintiff appropriate equitable relief, compensatory damages, and exemplary damages;

C.    For Plaintiff, appropriate civil penalties;

D.    For Plaintiff, all costs, attorneys' fees, and interest incurred prosecuting this claim; and

E.    All further relief as the Court deems just and equitable.

                            Respectfully submitted
                            NACHTLAW, P.C.

                             */s/ Noah S. Hurwitz*
                            Noah S. Hurwitz (P74063)
                            Attorney for Plaintiff

Dated:  May 24, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER ANDERSON,

        Plaintiff,                             Case No. 21-cv-11212

v.                                            Hon.

JACKSON COUNTY MEDICAL
CARE FACILITY,

        Defendant.

---

Noah Hurwitz (P74063)
NACHTLAW, P.C.
*Attorneys for Plaintiff*
101 North Main St., Suite 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

---

## JURY DEMAND

NOW COMES Plaintiff, Jennifer Anderson, by and through her attorneys, NACHT LAW P.C., and hereby demand a trial by jury of the issues in the above-captioned cause of action.

                                               Respectfully submitted
                                               NACHTLAW, P.C.

                                               */s/ Noah S. Hurwitz*
                                               Noah S. Hurwitz (P74063)
Dated: May 24, 2021                  Attorney for Plaintiff